JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

18-CV- 340

18  340

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Joseph A. Rosamilia

**(b)** County of Residence of First Listed Plaintiff  Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julianne Peck, Homans Peck LLC, No. 79966
43 Paoli Plaza #426, Paoli PA 19301
215-868-6214

### DEFENDANTS
Export Now, Inc; Frank Lavin

County of Residence of First Listed Defendant  Summit County OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights ❏ 555 Prison Condition ❏ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Breach of contract, Wage Payment + Collection Law

### VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❏ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

JAN 29 2018

DATE  1/29/18

SIGNATURE OF ATTORNEY OF RECORD
Julianne Peck

S.T.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**PD**

**UNITED STATES DISTRICT COURT**     **18**     **340**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 129 Ellsworth Street, Philadelphia PA 19147

Address of Defendant: Export Now, Inc, 526 South Main St. Akron, Ohio 44311
Frank Lavin; 3815 Beecher NW, Washington DC 20007
Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*  Philadelphia PA

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☑

Does this case involve multidistrict litigation possibilities?     Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
  (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
  (Please specify) Breach of Contract

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Julianne Peck, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 1/29/18     *Julianne Peck*     79966
                   Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JAN 29 2018

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/29/18     *Julianne Peck*     79966
                   Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

PD

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Joseph A Rosamilia           :        CIVIL ACTION

v.                           :

Export Now, Inc. and          :        NO.   **18**   340
Frank L. Lavin

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X)

| | | |
|---|---|---|
| 1/29/18 | Julianne Peck | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-868-6214 | | jpecke homanspeck. |
| **Telephone** | **FAX Number** | **E-Mail Address**   Com |

(Civ. 660) 10/02

JAN 29 2018

# PD

HOMANS PECK, LLC
Julianne Peck, Esq. (I.D. No. 79966)
43 Paoli Plaza #426
Paoli, PA  19301
(215) 868-6214



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVNIA 18    340

|  |  |
|---|---|
| JOSEPH A. ROSAMILIA<br>127 Ellsworth Street<br>Philadelphia, 19147 | CIVIL ACTION<br>NO. |
| Plaintiff, |  |
| v. | JURY TRIAL DEMANDED |
| EXPORT NOW, INC.<br>526 South Main Street<br>Akron, Ohio 44311 | |
| FRANK L. LAVIN<br>3815 Beecher NW<br>Washington, D.C.  20007 | FILED<br>JAN 29 2018<br>By KATE BARKMAN, Clerk<br>Dep. Clerk |
| Defendants. | |

## COMPLAINT

Plaintiff, Joseph Rosamilia, by and through his undersigned counsel, brings this action

against Defendants, Export Now, Inc. and Frank Lavin, for fraudulent inducement, breach of

contract, violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), and

unjust enrichment.

Defendants fraudulently induced Plaintiff to join Export Now as its Chief Financial

Officer based on false promises of minimum compensation in the amount of $180,000, a

minimum 3% equity interest in the company, and minimum severance in the amount of $180,000

in event that his employment terminated other than for cause.  Defendants failed to keep any of these promises.

Plaintiff seeks damages in excess of $375,000  including all wages he earned through the termination of his employment, a minimum 3% equity interest in Export Now, the severance payments he was promised, liquidated damages under the WPCL, attorney's fees, compensatory damages, punitive damages, and all other relief to which he may be entitled as a result of Defendants' conduct.

## PARTIES

1.      Plaintiff, Joseph Rosamilia, is an individual and citizen of the Commonwealth of Pennsylvania.  Plaintiff resides at 127 Ellsworth Street, Philadelphia, Pennsylvania 19147.

2.      Defendant, Export Now, Inc., is a Delaware corporation with its principal place of business located at 526 South Main Street, Akron, Ohio 44311.

3.      Defendant, Frank Lavin, is an individual and citizen of Washington, D.C.  Lavin resides at 3815 Beecher N.W., Washington, D.C.  2007.

4.      Export Now provides a turnkey solution for brand name companies by importing, storing, selling, delivering, and settling transactions on the electronic platform Tmall in China.

5.      Lavin is the founder and Chief Executive Officer ("CEO") of Export Now.

6.      At all times material hereto, Defendant Export Now acted by and through its subsidiaries, owned entities, authorized agents, servants, workmen, and/or employees who acted within the course and scope of their employment with the Defendant and in furtherance of Defendant's business.

7.      At all times material hereto, Defendant Lavin acted within the course and scope of his employment with Defendant Export Now, and in furtherance of Defendant's business.

## JURISDICTION AND VENUE

8.     Counts I, III, and IV of this Complaint respectively assert claims against both Defendants for fraudulent inducement, violation of the Pennsylvania Wage Payment and Collection Law, and unjust enrichment.  Count II of this Complaint asserts a claim against Defendant Export Now for breach of contract.

9.     The District Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction).

10.    Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events upon which the allegations in the Complaint are based occurred within this district.

## FACTUAL ALLEGATIONS

11.    In or about the end of August 2011, Defendants negotiated with Rosamilia to serve as its Global Chief Financial Officer ("CFO").

12.    To induce Rosamilia to immediately join Export Now, which, at the time, was a start-up company, it entered into a Letter of Intent dated September 1, 2011, with Rosamilia in which it promised:

- To temporarily retain Rosamilia as a consultant at the rate of $9,000 per month (due to the lack of existing appropriate HR systems), after which it would "use [its] best efforts to convert his status from consultant . . . to employee by January 31, 2012."

- To award Rosamilia 5,000 shares of restricted stock (assuming he remained associated with Export Now) on March 1, 2012 and September 1, 2012 (for a total of 10,000 shares).

A true and correct copy of the Letter of Intent is attached hereto as Exhibit "A," and is incorporated herein by reference.

13.    Defendants, promised Rosamilia that once he was converted to an employee in or about January 2012, it would pay him:

- a base salary in the range of $180,000 to $240,000 per year;

- provide him with an equity interest in the company in the form of restricted stock worth 3% to 5% with 6 month vesting over the course of three years; and

- pay him severance in the amount of one to two years of his base salary in the event that the company terminated his employment without "Cause," with "Cause" defined as "gross negligence or willful misconduct."

A summary of these terms is memorialized in the correspondence attached hereto as Exhibit "B."

14.     All of these promises were material to Rosamilia's decision to join Export Now.

15.     On November 17, 2011, Defendants, noting the critical role that Rosamilia played in helping the company grow to date, asked Rosamilia to serve in the additional role of Assistant Treasurer, and paid him an additional $1,000 per month.

16.     Despite their promise, and despite the fact that Rosamilia was in all relevant respects an employee of Export Now, Defendants failed to further increase his salary or to convert his status (for tax and payroll purposes) in January 2012.

17.     In or about May 2012, Rosamilia (together with other members of the senior management team who had been promised equity) pressed Defendants for a written agreement.

18.     Defendants reneged on its promise to Rosamilia for restricted stock and instead presented him (and other senior management team members) with a proposed agreement for stock options to be purchased at a price of $9.091 per share, which Rosamilia and the other senior management team members rejected.

19.     Upon information and belief, following the termination of Rosamilia's employment, the other members of the senior management team were provided with an equity plan that they accepted.

20.     In or about June 2012, Rosamilia requested the increased pay that he was promised and questioned why Defendants had not converted his status (as well as the rest of the management team) from independent contractor to employee, expressing concern that it would create potential issues with the Internal Revenue Service.

21.     Defendants refused to convert Rosamilia's status, stating that it would be too expensive. However, they did agree to raise Rosamilia's rate of pay to $180,000 per year (or $15,000 per month), noting the "strong job" that he had been doing as CFO.

22.     In January 2013, due to cash flow issues, Lavin reduced Rosamilia's payments to $10,000 per month (which annualizes at $120,00 per year) and promised to pay Rosamilia the difference in the future.

23.     In December 2013, due to continued cash flow issues, Lavin further reduced Rosamilia's payments to $5,000 per month (or $60,000 per year), and again promised to pay him the difference in the future.

24.     Defendants' promises to pay this wage difference in the future was material to Rosamilia's decision to continue working for Export Now.

25.     Throughout his tenure with Export Now, Rosamilia never received a performance review, and never received any indication that Defendants were unhappy with his performance.

26.     On January 26, 2015, with no notice whatsoever, Defendants informed Rosamilia that it was terminating his employment as of January 31, 2015, stating that they had to let him go because he had not sold anything and had not raised any money for the company.

27.     As the CFO, Rosamilia had never been tasked with either duty. Moreover, neither of the alleged bases for terminating Rosamilia's employment constitutes "Cause" under the parties' agreement.

28.     When Rosamilia asked about what he was owed by the company, Lavin suggested they resolve this on a later date. In the meantime, Rosamilia agreed to stay involved with Export Now to help ensure a smooth transition while the company sought to replace him.

29.     Rosamilia reached out to Lavin on several dates between January 30, 2015, and April 7, 2015, to discuss payment of his outstanding salary, equity, and severance.

30.     Throughout these discussions, and while Rosamilia continued to aid in the transition of his duties, Lavin refused to respond to Rosamilia's demands.

31.     Instead, without ever disputing that the company was in debt to Rosamilia, Lavin strung him along, until on April 7, 2015, when he summarily took the position, for the first time, that the company had kept all of its promises to Rosamilia.

32.     On February 23, 2016, Rosamilia addressed the Board of Directors of Export Now, Inc. seeking his unpaid wages from January 13, 2013 through the end of January 2015 (which total $195,000), the severance he was promised (which, at a minimum totaled $180,000), and his 3% equity interest in the Company (which had fully vested during Rosamilia's tenure with the company), and the value of which is unknown at this time.

33.     On February 25, 2016,  Ozan Gursel, the company's Chief Operating Officer ("COO"), made a "friendly" call to Rosamilia to ask what he wanted, though he stated that he had no authority to negotiate and had been instructed not to send anything in writing. Rosamilia stated he wanted everything he was owed, to which Gursel stated that it was his understanding that the company owed Rosamilia the accounts payables that were "on the books."

34.     To date, however, Defendants have refused to pay the wages they admitted were due, or the promised equity and severance.

35.     Defendants' conduct constituted bad faith.

36.     Defendants' conduct was willful and malicious, intentional, and outrageous under the circumstances.

## COUNT I

### (FRAUDULENT INDUCEMENT)
### Defendants Export Now and Lavin

37.     Plaintiff incorporates herein by reference Paragraphs 1 through 36 above as if set forth herein in their entirety.

38.     Defendants made the above-referenced material promises to Rosamilia to induce him to join Export Now and to remain with Export Now after Export Now reduced Rosamilia's monthly payments.

39.     Defendants made these promises falsely, with knowledge of their falsity, and/or with recklessness as to whether the statements were true or false.

40.     Defendants made these promises with the intent of misleading Rosamilia to rely upon them.

41.     Rosamilia justifiably relied upon these promises.

42.     As a direct and proximate result of this reliance Rosamilia has sustained damages and losses set forth herein in excess of $375,000, including lost salary, lost severance, and the lost equity interest in Export Now, accrued interest, compensatory damages, and attorney's fees and costs.

## COUNT II

### (BREACH OF CONTRACT)
### Defendant Export Now

43.      Plaintiff incorporates herein by reference Paragraphs 1 through 42 above as if set forth herein in their entirety.

44.      Defendant Export Now promised to pay Rosamilia a minimum base salary of $180,000.

45.      Defendant paid Rosamilia the promised minimum base salary of $180,000 (or $15,000 per month) from July 2012 through December 2012.

46.      Respectively, in January 2013 and December 2013, and as a result of cash flow issues, Defendant reduced its monthly payments to Rosamilia first to $10,000 per month and then to $5,000 with a promise to pay the difference in the future.

47.      Despite demand, Defendant has not paid Rosamilia his full base salary for the period December January 2013 through and including January 2015, resulting in damages in excess of  $195,000.

48.      Defendant promised to award Rosamilia a minimum 3% interest in the company through restricted stock, which would vest every 6 months for a period of three years  following his initial association with the company.

49.       The promised equity fully vested during Plaintiff's tenure with the company, resulting in unknown losses to Plaintiff.

50.      Despite demand, Defendant has refused to acknowledge the equity interest that Rosamilia earned prior to the termination of his employment.

51.    Defendant promised to pay Rosamilia severance in the minimum amount of $180,000 in the event that the company terminated his employment without "Cause," with "Cause" defined as "gross negligence or willful misconduct."

52.    Defendant terminated Rosamilia's employment, effective January 31, 2015, without "Cause."

53.    As a direct and proximate result of Defendant's breaches of the terms of its agreement with Rosamilia, Plaintiff has sustained total damages and losses in excess of $375,000 including lost salary, lost severance, the lost equity interest in Export Now, and accrued interest.

## COUNT III

### (VIOLATION OF THE WPCL)
### All Defendants

54.    Plaintiff incorporates herein by reference Paragraphs 1 through 53 above as if set forth herein in their entirety.

55.    The salary, severance and equity interest to which Plaintiff is entitled pursuant to his agreement with Defendants constitutes wages within the meaning of the Pennsylvania Wage Payment and Collection Law ("WPCL").

56.    At all times material hereto Plaintiff was an employee within the meaning of the WPCL.

57.    At all times material hereto each Defendant was an "employer" within the meaning of the WPCL.

58.    Defendants' failure to pay the wages (including the severance and equity interest) to which Plaintiff is entitled violates the WPCL.

59.    Plaintiff made a proper demand for these wages.

60.     The wages to which Plaintiff is entitled have remained unpaid for more than 60 days beyond when they were due, and for more than 60 days beyond Plaintiff's demand for payment.

61.     As a direct and proximate result of Defendants' violation of the WPCL, Plaintiff has sustained damages and losses set forth herein in excess of $375,000 including lost salary, lost severance, and the lost equity interest in Export Now, accrued interest, liquidated damages, attorney's fees and costs.

## COUNT IV

### (UNJUST ENRICHMENT)
### Defendants Export Now and Lavin

62.     Plaintiff incorporates herein by reference Paragraphs 1 through 61 above as if set forth herein in their entirety.

63.     Plaintiff conferred benefits on the Defendants.

64.     The Defendants appreciated the benefits.

65.     Defendants accepted and retained the benefits under circumstances that make it inequitable for them to retain the benefits without paying for the value of the benefits.

66.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has sustained damages and losses set forth herein in excess of $375,000, including accrued interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a)    Declaring that Defendants fraudulently induced Plaintiff into entering into an Agreement with them;

(b)    Declaring that Defendants fraudulently induced Plaintiff into remaining with Export Now after it reduced his monthly wage payments;

(c)    Declaring the acts and practices complained of herein to be in breach of contract;

(d)    Declaring the acts and practices complained of herein to be in violation of the WPCL;

(e)    Declaring the acts and practices complained of herein to have unjustly enriched Defendants;

(f)    Awarding damages to Plaintiff to make Plaintiff whole for Defendants' fraudulent inducement;

(g)    Awarding damages to Plaintiff to make Plaintiff whole for Defendant Export Now's breach of contract;

(h)    Awarding damages to Plaintiff to make Plaintiff whole for Defendants' violation of the WPCL;

(i)    Awarding liquidated damages under the WPCL;

(j)    Awarding damages to Plaintiff to make Plaintiff whole for Defendants' unjust enrichment;

(k)    Awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(l)    Awarding compensatory damages, including damages for emotional distress;

(m)     Awarding punitive damages;

(n)     Awarding Plaintiff such other damages as are appropriate in connection with the

          legal claims alleged herein; and

(o)     Granting such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of twelve on all issues and claims asserted herein.

Respectfully submitted,

HOMANS PECK, LLC

By:     _Julianne Peck_

Julianne Peck (I.D. No. 79966)
43 Paoli Plaza #426
Paoli, PA  19301
(215) 868-6214
jpeck@homanspeck.com

Counsel for Plaintiff

EXHIBIT "A"

Frank Lavin, Chairman
Export Now, Inc.
Central Plaza, Suite 701
18 Harbour Rd
Wanchai, Hong Kong SAR, China

September 1, 2011

Via Email: jrosamilia@pretiumgroupltd.com

Joseph A. Rosamilia
Apt. PH-108, Ben Franklin House
834 Chestnut Street
Philadelphia, PA 19107

Re:     Letter of Intent to Enter into a Consulting Contract

Dear Joseph,

I am writing you this Letter of Intent in order to document our intent to have you enter into a
Consulting Contract with Export Now, Inc. ("Export Now").  The Consulting Contract will be
entered into within 10 days of the date hereof.  The Consulting Contract will include the
following core terms:

1.      As of the date hereof, you will be retained as an independent contractor with the title of
        Global Chief Financial Officer of Export Now.  We are currently seeking to institute HR
        systems so that we can convert such internal independent contractors into employees.
        We will use our reasonable best efforts to convert your status from consultant (along with
        others) to employee by January 31, 2012.

2.      You will be paid $US9,000 per month in arrears, starting on September 30, 2011.
        Immediately after your execution of this Letter, you will be paid a signing bonus of
        $US9,000.

3.      Assuming your continued association with Export Now, you will receive 5,000 shares of
        restricted stock on each of the following dates:  March 1, 2012 and September 1, 2012.
        These grants are contingent on receiving necessary IRS approvals and, if they are not
        forthcoming or are too burdensome to achieve, we will negotiate in good faith an
        alternative but equivalent form of equity compensation.

4.      You will receive 20 days vacation per year and will be reimbursed for normal and
        reasonable business expenses associated with your work for Export Now.

5.      You agree that during the term of your association with the company and at any time
        thereafter you will not disclose any confidential information of Export Now or its

affiliates; you further agree that that during the term of your association and for a period of two years thereafter, you will not compete with or solicit any of the customers or employees of Export Now or its affiliates.

If this accurately reflects our discussions I ask that you sign and return to me a copy of this letter and I will then have our counsel prepare a draft of a Contract to be entered into by you and Export Now.

Very Truly Yours,

EXPORT NOW, INC.

By:  Frank Lavin, Chairman

AGREED:

Dated:_____          _____

Joseph A. Rosamilia

6728142-3

EXHIBIT "B"



Joseph Rosamilia <joh@exportnow.com>

---

## Basic Terms for Joh contract discussion

2 messages

---

**Joseph Rosamilia** <joh@exportnow.com>                                                     Mon, Jun 25, 2012 at 1:18 PM
To: Frank Lavin <frank@exportnow.com>

Frank,

These are the terms discussed with Seth in Sept for permanent start, which we can use as basis of our discussion. When would you be free to discuss? Would like to do this soon, as we are trying to put everyone on salary from July, if possible.

Base: $180k - $240k

Equity: 3% - 5% in Restricted Stock, 6-monthly vesting

Bonus: Discretionary bonuses

Severance: 1 – 2 years base if dismissed without cause, defined as gross negligence or willful misconduct

Permanent Start: Dec2011/Jan2012

Thanks and best,

Joh

---

**Frank Lavin** <frank@exportnow.com>                                                     Wed, Jun 27, 2012 at 4:32 AM
To: Joseph Rosamilia <joh@exportnow.com>

Joh -- we can discuss when the round closes.
best....Frank
[Quoted text hidden]
--

Frank Lavin
Chairman & CEO

## Export Now

+852 9091 5826

www.exportnow.com



Buy the book so that you can Export Now